UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUSTIN RODRIGUEZ,

       Plaintiff,   **COMPLAINT**

vs.

       **JURY TRIAL DEMANDED**

HAROLD PORR

       Defendant.

------------------------------------------------------------X

### I.    INTRODUCTION

1.  Plaintiff, Justin Rodriguez, brings this action against defendant Harold Porr for religious and national origin/ethnicity discrimination under the Equal Protection Clause of the 14th Amendment to the United States Constitution, as made actionable by 42 U.S.C. § 1983, and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296.

### II.    PARTIES

2.  At all relevant times, Plaintiff Justin Rodriguez has served as Assistant to the County Executive for Orange County, New York.

3.  At all relevant times, Defendant Harold Porr has served as Deputy County Executive for Orange County, New York. His actions described herein were taken under color of state law. He is sued in his individual capacity.

### III.    JURISDICTION & VENUE

4.  As Plaintiff alleges that Defendant has violated his rights under the U.S. Constitution, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

5.  As Plaintiff's state law claims arise from the same nucleus of operative facts as his

federal claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. As the events giving rise to this action occurred in Goshen, New York, in Orange County, within this judicial district, this Court is the proper venue.

### IV. FACTUAL AVERMENTS

#### A. Background

7. Plaintiff has served as Assistant to the County Executive for Orange County since 2015. His mother is Jewish and his father is of Puerto Rican descent.

8. Until in or about August 2022, Plaintiff was directly supervised by defendant Harold Porr, the County's Deputy County Executive.

#### B. Porr Created a Hostile Work Environment for Plaintiff

9. Porr knew that Plaintiff has both Jewish ancestral history and Puerto Rican ethnic background.

10. For several years, Porr made "jokes" about Plaintiff's Jewish and Puerto Rican/Hispanic heritage.

11. For example, although knowing that Plaintiff does not practice Judaism, Porr would mockingly ask him if he were going to synagogue or temple in a disparaging manner, or if he were celebrating Hanukah and other Jewish holidays.

12. Porr would also mockingly refer to Jewish people as Plaintiff's "cousins," including Hasidic Jews from Kiryas Joel who visited the office.

13. Porr would also make mocking comments to Plaintiff about his Hispanic ethnicity, such as "joking" that he must be related to random people simply because they are also Hispanic.

14. Although Porr's insults and mocking comments bothered Plaintiff, he refrained from making any official complaint for fear of retaliation by Porr.

15. However, in Spring 2022, Porr's demeaning and disparaging conduct toward Plaintiff intensified.

16. On or about March 31, 2022, as Plaintiff was leaving the office, Porr stated, "Justin is going to synagogue" and then laughed in front of a co-worker in the County Executive's office. Plaintiff was offended by this comment.

17. On or about April 7, 2022, during a meeting with other employees, Porr mockingly said that he would be voting for Plaintiff for Governor and that plaintiff would be "the first Puerto Rican Jew governor," Plaintiff took offense to this comment, as did others attending the meeting.

18. On or about April 8, 2022, Porr went into Plaintiff's office after giving a speech about sexual assault awareness at Youth in Government Day in the County's Legislative Chambers. Porr asked Plaintiff what he thought of his speech and when Plaintiff responded that he thought it was OK, Porr said, "When I was giving the speech, I was thinking about you brutalizing women." This was shockingly offensive and made Plaintiff feel physically ill.

19. On or about April 14, 2022, as Porr left the office for the day, he walked to Plaintiff's office and mockingly said, "I will see you at Temple for Passover."

20. On or about April 19, 2022, as Porr walked by Plaintiff's door while leaving work, he mockingly said to Plaintiff, "See you in Temple."

21. On or about April 22, 2022, Porr directed Plaintiff to work with State Senator James Skoufis' office for a quote in a press release regarding Porr's reappointment to the board of the Metropolitan Transportation Association (MTA). Plaintiff coordinated with Emma Fuentes from Skoufis' office for a quote. When Plaintiff informed Porr that he had received a quote from Ms. Fuentes, Porr mockingly remarked, "Oh, your cousin." He made this comment only because Ms.

Fuentes has an Hispanic surname.

22. On that same day, April 22, 2022, Plaintiff was the last person to arrive at a staff meeting. As he neared the conference room, Plaintiff heard Porr say several times, "Where is Diego?" referring to Plaintiff.

23. A meeting attendee, Alicia D'Amico, told Porr, "You have to watch that," referring to Porr's bigoted reference to Plaintiff. Porr responded, "I do not care. I will lie if Justin says anything. I will say he made Irish slurs about me."

24. When Plaintiff later spoke to other meeting attendees, they expressed being upset about Porr's constant insults directed at Plaintiff, including the "Diego" slur. One employee told Plaintiff: **"It is non-stop. Harry has something to say about your religion or heritage every day."**

25. On April 26, 2022, Porr asked Plaintiff why he had left work early the day before. When Plaintiff told him that he had personal business he had to attend to, Porr made a demeaning comment about Plaintiff having gone to see a psychiatrist.

26. On or about May 26, 2022, in front of other colleagues, Porr repeatedly asked Plaintiff if he would be giving out communion that weekend. These comments made no sense, but were clearly intended to insult Plaintiff and demean him in front of others. Plaintiff's colleagues once again expressed how inappropriate Porr was toward Plaintiff and that it made them uncomfortable.

27. Porr's comments and conduct toward Plaintiff took a heavy toll on him. He felt humiliated and distraught over the way that Porr treated him, and entered therapy as a result.

28. In June 2022, because Porr's mistreatment of him had intensified and because Porr did not stop his harassment of Plaintiff despite being told by others that he should, Plaintiff made

an official complaint with the County of harassment based on his Puerto Rican/Hispanic and Jewish heritage.

29. The County hired an outside law firm to conduct an investigation of Plaintiff's complaint, and on August 16, 2022, reported to Plaintiff that it had concluded that Porr had violated the County's policy against discrimination and harassment in the workplace and that Plaintiff's complaint was founded.

30. Although Porr was removed as Plaintiff's direct supervisor, Plaintiff has had to continue working with Porr on a daily basis. Porr treats Plaintiff with disdain and, when no one else is present, often glares at Plaintiff while he is in his office, making Plaintiff feel very uncomfortable.

31. As a result of Porr's harassment of him, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, and diminishment of enjoyment of life.

32. Porr engaged in unlawful harassment of Plaintiff maliciously and/or in reckless disregard of Plaintiff's civil rights.

V.   **CAUSES OF ACTION**

33. Plaintiff incorporates paragraphs 1-32 as if fully re-written herein.

34. By subjecting Plaintiff to workplace harassment based on Plaintiff's Jewish background, Defendant violated Plaintiff's rights to be free from religious discrimination under the 14th Amendment to the United States Constitution, as made actionable by 42 U.S.C. § 1983, and the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 296 et seq.

35. By subjecting Plaintiff to workplace harassment based on Plaintiff's Puerto Rican/Hispanic ethnicity, Defendant violated Plaintiff's rights to be free from national orgin/ethnicity discrimination under the 14th Amendment to the United States Constitution, as

made actionable by 42 U.S.S. § 1983, and the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 296 et seq.

### VI. PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to Plaintiff compensatory damages;

(c) award to Plaintiff punitive damages;

(d) award to Plaintiff his reasonable attorneys' fees and costs;

(e) enter any other relief justified by the law and facts.

Dated:  January 18, 2024

*Christopher D. Watkins*
Christopher D. Watkins (CW 2240)
WATKINS LAW
5 Paradies Lane
New Paltz, NY 12561
(845) 419-2250
*Attorney for Plaintiff*